UNITED STATES DISTRICT COURT MONTGOMERY COUNTY,

IN THE ~~DISTRICT COURT OF HOUSTON COUNTY~~

THE STATE OF ALABAMA

RECEIVED

EDDIE JOE SEAGO, SR.,        ) Civil Division
          Plaintiff          )
                             )  2006 OCT 12 A 9:23
                             )  ___ P. HACKETT, CLK
                             )  U.S. DISTRICT COURT
                             )  MIDDLE DISTRICT ALA
                             )
-VS-                         ) CASE NO.
                             ) 1:06CV925-M
                             )       H
Houston County Jail, An      )       T
Alabama Municipal Corporation)
And A Body Politic, And Nurse)
Bail; Sgt. T. Marsh; COI.    )
M. Smith; And COI. S. Moon   )
Individually And In Their    )
Official Capacities As Employee's)
Of The City Of Dothan,       )
          DEFENDANTS.        )

Civil Complaint Pursuant To Statute 1983 U.S.C., Claiming Battery; Excessive Use Of Force; Medical Malpractice; Violation Of Patient Doctor Confidentiality; Emotional Distress; And Mental Anguish.

Comes Now The Plaintiff EDDIE JOE SEAGO, SR., Pro. Se; And Pursuant To Statute 1983, 42 U.S.C.A; Fed Rules Civ. Proc. Rule 8(A)(2), . . . . . ,

Fed. Rules Civ. Proc. Rule 12(b)(6), 28 U.S.C.A.; and U.S.C.A. Const. Amend. 1 and 4., asking this Honorable Court to Review... and if the Court finds merit; seek judgment concerning the same.

## INTRODUCTION

The Plaintiff EDDIE JOE SEAGO, SR., Pro, Se; and through himself would put the Court on Notice that this is not "Fact Pleading" but "Notice Pleading."

Notice Pleading does not require Plaintiff to plead law or match facts to every element of a legal theory, Fed. Rules Civ. Proc. Rule 12(b)(6), 28 U.S.C.A.. Indeed a complaint is not required to allege all, or any, of the facts logically entitled by the claim. Further, Plaintiff does not have to plead evidence.

Under Notice Pleading, Plaintiff may plead Conclusions, so long as the Conclusions provide Defendants with minimal notice of the claim., Fed. Rules Civ. Proc. Rule 8(a)(2), 28 U.S.C.A.. In respect of the above; this Civil Complaint would proceed:

INFORMATION RESULTING IN COMPLAINT:

On 9-8-06, at approximately 11:00 p.m., Plaintiff complained of severe chest pains. This was not the first complaint but the most severe. The first complaint reported to Nurse Bail, on or about August 6, 2006.

As a result of 9-8-06's, complaint COI M. Smith, did administer, and give Plaintiff .4 mg of Nitro Glycerine. COI M. Smith, told Plaintiff that he could request the Nitro every four hours.

On 9-9-06, Plaintiff further complained of chest pains, and at approximately 9:15 A.M., CO.I Dye, a first shift officer complied with COI M. Smith's, note that Plaintiff could have and take Nitro every four hours. After 10 or 15 minutes the pain worsen and COI Gaff, escorted Plaintiff to the Houston County Jail's Clinic. Upon arrival COI Gaff, did a blood pressure check. One such check showed Plaintiff's blood pressure at 198/117. COI Gaff, immediately called Sgt. Turner. When Sgt. Turner arrived and asked what was wrong. Plaintiff explained previous diagnosis of blood

Clot; and two possibly cancerious Pulmonary Nodules in the Right Chest Cavity. A Condition First Reported to Nurse Bail, on or about August 6, 2006.

Sgt. Turner, and COI. Gaff, were very concerned and asked what I wanted done. I immediately responded that I wanted to be taken to the Emergency Room. Prior to Honoring my request Sgt. Turner, instructed COI Gaff, to do an EKG; on the Plaintiff. At best the EKG, showed some Heart fluttering.

Out of Sincere Concern Sgt. Turner, instructed COI. Gaff, to Rush Plaintiff to the South East Medical Center's Emergency Room. Upon arrival Plaintiff's First Blood Pressure Check Regestered at 20/127. Plaintiff was treated and released back to the custody of the Houston County Jail the same day.

Reccommendations, and Medications were Prescribed! By Dr. Miller. "Until this day none of Dr. Miller's, Reccommendations have been followed; and none of the medicines prescribed has ever been mentioned again."

On 9-10-06, Plaintiff, again complained of Chest Pains, and was again escorted by COI.

Gaff, to the Sails Medical Clinic. Although Plaintiff complained of chest pains; no treatment for chest pain was considered. However, a blood pressure check was done registering 137/101, considerably low for Plaintiff in regards to past diagnosis.

Sgt. Turner, immediately called Nurse Dail, who was off duty at the time.

Nurse Dail; Based on the 137/101 reading ordered an un-usal diagnosis for a complaint Plaintiff never filed on this day in question 9-10-06. Nurse Dail; ordered an 100 hour blood pressure check; blood pressure to be checked hourly. Such, would be done in "Medical Observation Status," removing Plaintiff from his current housing location to an extremely cold and bleak cell in the clinic area. The cell #4, was made worse when Nurse Dail, ordered Plaintiff's door window covered so there would be no oppertunity for Plaintiff to see the comming and going of other inmates or officers.

Plaintiff was highly up-set, and refused what he now realized was "vindictive" punishment for his medical complaints.

I was during this 100 hour; Allegedly

observation period that Plaintiff suffered much abuse, loss, and hardship.

Plaintiff, on 9-10-06, tried to reason that he was not brought to the clinic on a blood pressure complaint but rather a chest pain complaint. Nurse Bail, refused to acknowledge Plaintiff's confessions and when Plaintiff tried to refuse medical assistance for a complaint that was not filed by Plaintiff on the date in question, Plaintiff was strapped in a "restraint chair" for approximately two (2) hours. During this period the chest pains, and high blood pressure increased. An officer; female, that worked booking that day came by and stated that Sgt. Turner, would release Plaintiff from the chair providing Plaintiff no longer resisted Nurse Bail's ordered "observation."

Plaintiff, realized that he was trapped; "vindictively trapped", for a period uncertain at the time. That period would last 100 hours and much pain and affliction would adhere. Sgt. Bonin, after Plaintiff's 15th or 16th hourly blood pressure checks, and many complaints allowed Plaintiff to sign a refusal discontinuing

only the Hourly Blood Pressure checks. Plaintiff, was finally able to sleep absent the constant awakening. As a result of sleep the Blood Pressure began to regain control. The chest pains which were still un-treated continued to hurt.

On 9-12-06, at approximately 4:30 P.M., while awaiting dinner call. Plaintiff was positioned on his "metal bunk" singing church (spiritual songs) songs. Plaintiff, noticed Nurse Gail, and COI M. Smith, speaking lowly and thereafter, COI M. Smith, got on the phone. Plaintiff, unknowing that a conspiracy was taking place minutes later heard his door "pop open". Plaintiff, slightly turned to observe the in-coming person and was "shot-down" without warning by COI. S. Moon? COI. S. Moon, was accompanied by Sgt. T. Marsh; COI M. Smith; Nurse Gail; and two other un-identified officers. Plaintiff, being positioned on the metal, and suffering with severe High Pertention (High Blood Pressure) and severe chest pains did temporarily passed out. (Plaintiff was singing songs of his Religion Hoping for Religious Relief since Plaintiff was Refused Treatment for

for pain during this whole observation period and until this day. Plaintiff is afraid to seek further medical assistance under the supervision of Nurse Gail and COI M. Smith). When Plaintiff, regained consciousness; Plaintiff asked COI S. Moon, why did you shoot me, I was only singing religious songs? COI. S. Moon, did not answer. He simply reported a mis-fire, indicating that one of the electrical TASER Prongs has struck flesh, the left arm of Plaintiff. After the un-necessary shooting Plaintiff was again strapped to the "Restraint Chair" and wheeled to the visiting area of the Jail. This part of the Jail was un-occupied at the time and Plaintiff prayed that his conditions coupled with the maximum TASER Blast while positioned on a metal bunk would not be the death of him. The Emotional Stress, and Mental Anguish was terrifying!

Around 6:30 p.m., Plaintiff was wheeled back to the Clinic and Released from the Restraint Chair. Plaintiff, was met by Nurse Gail; and COI M. Smith, with high blood pressure medication. Plaintiff, again

TRYED TO REFUSE ANY AND ALL TIES WITH THE CLINIC, PROMISING TO NEVER RETURN FOR A MEDICAL PROBLEM IF THEY WOULD RELEASE ME. NURSE GAIL, AND COI M. SMITH, JUST SMILED AND SAID WE CANT DO THAT, AND Sgt. T. MARSH, SAID HE WOULD STRAP YOU BACK TO THE CHAIR IF YOU DONT TAKE THE MEDICINE.

OUT OF FEAR; Plaintiff, Role Played A Childs Behavioral Role until Released with A THREAT TO BE RETURNED IF Plaintiff TRIED TO DISCONTINUE His Medication.

Plaintiff, STILL HAS NOT BEEN TREATED FOR CHEST PAINS.

BECAUSE Plaintiff, CAN NO longer Confide IN THE medical Department of THIS County Jail facility. Plaintiff MUST REACH BEYOND THIS facility VIA; THIS 1983 Civil Complaint.

## GROUNDS FOR RELIEF:

(1). EXCESSIVE USE OF FORCE.

(2). Battery.

(3) Medical Malpractice.

(4). Violation of Patient Doctor Confidentiality.

(5). Emotional Distress; AND

(6). Mental Anguish.

### Relief Sought

Plaintiff seeks one million (1,000,000.00) Dollars in damages. Any other relief deemed just and proper.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Commander: Walter B. McCarty, 901 East Main Street, Dothan, Alabama; AND The District Attorney's Office at P.O. Drawer 1406, Dothan, Alabama 33602. On this 3rd day of October 2006.

Eddie Joe Seago
EDDIE JOE SEAGO, SR. PRO. SE;
901 EAST MAIN STREET
Dothan, Alabama 36301

Sworn and Subscribed before me this 3th day of October 2006

Alice Beverly Reynolds
NOTARY PUBLIC, STATE OF ALABAMA

My Commission Expires 02-02-2010