IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE JOE SEAGO, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 1:06-CV-925-MHT |
| ) | [WO] |
| ) | |
| HOUSTON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, Eddie Joe Seago, Sr. ["Seago"], challenges actions taken against him during his confinement in the Houston County Jail.

Upon review of the complaint, the court concludes that summary dismissal of Seago's claims against the Houston County Jail is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Seago names the Houston County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the

---

[1]. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

plaintiff's claims against the Houston County Jail are due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Houston County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before October 30, 2006 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of October, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE